LEMMON, Judge
(dissenting in No. 6401).
In the present case defendants were cast in judgment on Wednesday, December 5, 1973; did not apply for a new trial by Monday, December 10, 1973; and did not appeal suspensively by Wednesday, December 26, 1973. On December 27, plaintiff (who had timely applied for a new trial) could have dismissed his application and executed on the judgment, in my opinion. I cannot see how plaintiff’s application for new trial could have preserved any suspen-sive appeal rights for defendants.
The Thurman case reaffirmed that “the plan of the Code of Civil Procedure * * * (is) to provide for the finality of judgments in multiparty suits in which some, but not all parties, file applications for new trials.”
*807 In resolving the “conflict between the conventional abhorrence to ‘piecemeal appeals’ and a liberal rule promoting the efficient disposition of litigated issues as soon as possible, without unnecessary delay while unrelated aspects of the litigation are determined,” the courts must interpret the rules relative to the procedure for appealing so as to provide litigants and attorneys with a consistent procedure by which a party’s appeal rights are ascertainable at every stage of the proceedings. Some of this court’s most difficult determinations involve the question of “who and what is before the court on appeal.” As to the particular problem in this case, i. e., when do delays for appeal begin if some (but not all) parties apply for a new trial, I submit the following:
(1) Any party who wishes to reverse or modify the judgment must apply for a new trial (or appeal) in order to prevent the judgment from becoming definitive and nonappealable as to that party.
(2) If any party applies for a new trial and the application is denied, appellate delays are calculated:
(a) as to the party or parties who applied for a new trial, in relation to date of judgment denying a new trial (or notice thereof); or
(b) as to any party who did not apply for new trial, in relation to date of original judgment (or notice thereof).
(3) If any party applies for a new trial and a new trial is granted, the original judgment can be altered or modified only as to those portions of the judgment which are adverse to the party who applied for the new trial.
(4) When judgment is rendered following a new trial, any party (other than the party who applied for a new trial may appeal from the judgment on new trial:
(a) as to portions of the original judgment modified or altered by the judgment on new trial, only within appellate delays beginning in relation to the date of judgment (or notice of judgment) on new trial; or
(b) as to portions of the original judgment not modified or altered by the judgment on new trial, only within appellate delays beginning in relation to the date of original judgment (or notice thereof).
While the above outline may appear complex at first glance, the basis is simple: Each party knows when he is aggrieved by a judgment and should be charged with the responsibility to seek relief timely.[1] Therefore, each party must act himself to protect his appellate delays as to any judgment (or portion thereof) adverse to him, and he cannot depend upon action by other parties to avail him of additional delays. The complications occur when a motion for new trial is granted, as in Thurman, but these complications can be controlled by the trial judge with a proper order under the authority of C.C.P. art. 1971.
Here, defendants knew that they were cast in judgment for tort damages. Plaintiff’s application for new trial was only concerned with specifying interest and costs and could only result in an amended judgment favorable to plaintiff.[2] Defendants nevertheless let their delay for applying for a suspensive appeal elapse, and the suspensive appeal from the original judgment should now be dismissed.[3] Their appeal should be limited to a devolutive appeal, except as to any portion of the original judgment altered by the amended judgment.

. C.O.P. art. 2133 provides for the special case when a party might desire to appeal only if some other party appeals first.

. Other parties applied for a new trial, asking express dismissal of certain demands and third party demands.

. Defendants moved to appeal from the January 14, 1974 judgment, rather than that of December 5, 1973.
There was no new trial granted. On motion for new trial, the trial court simply amended the original judgment to grant the relief requested.